**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

DION D. BROWN

        Plaintiff,

   -vs-                                    Case No.

CITY OF DETROIT,
a municipal corporation,
DETROIT POLICE OFFICERS
JASON TONTI # 3726, KIMBERLEY GIBBS # 3031
MICHAEL GARRISON # 4185 ENRICO RUBINO #1595
Individually, and in their official capacities,

        Jointly and Severally,

        Defendants.

---

PAUL M. HUGHES, P 36421
Attorney for Plaintiff
1391 Woodbridge St.
Detroit, MI 48207-3109
(313) 567-1650
paul@attorneyhughes.com

---

## COMPLAINT and JURY DEMAND

## COMMON ALLEGATIONS

**NOW COMES the** Plaintiff, by and through his attorney, **PAUL M. HUGHES**, and for his complaint states as follows:

1.    That Plaintiff is a resident of the County of Wayne, State of Michigan.

2.    That Defendant City of Detroit is a municipal corporation located in the County of Wayne, State of Michigan.

3.    That upon information and belief the individually named Defendant Police Officers at all times relevant to this complaint were residents of the County of Wayne, State of Michigan, and were at all times relevant herein, agents and/or employees of the Defendant City of Detroit.

4.    At all times relevant herein, all individually named Defendants were acting within the scope of their employment, under their authority as police officers and under color of law.

5.    This is a civil rights case arising under the 4th Amendment and 42 USC §1983. Jurisdiction is conferred on this court by 28 USC 1331 (Federal question) and 1343 (Civil rights).

6.    Venue is proper in the Eastern District of Michigan. Southern Division pursuant to 28 USC 1491 (B), inasmuch as Defendant City of Detroit is located within the District and the

events which give rise to the claim occurred there.

7.   That Defendant City of Detroit is liable under state and/or federal law for all injuries proximately caused by:

    a.    Intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan, including but not limited to:

    b.    Defendant's directions, policies, practices and/or customs from which the employees' and/or agents' acts or omissions were foreseeable;

    c.    Conduct by such employees and/or agents in which Defendant acquiesced, explicitly or implicitly;

    d.    Conduct which resulted from the failure to train or oversee the training of such employees and agents;

    e.    conduct of such employees and/or agents which supervisory personnel could foresee because the previous behavior of such employees and/or agents created the potential for such acts or omissions and which were not corrected; and/or

    f.    acts of such employees and/or agents which were caused by or permitted in violation of a statutory duty.

8.   The events out of which this cause of action arose occurred on August 21, 2006 in the City of Detroit, County of Wayne, State of Michigan.

3

9.    The factual predicate of the Defendants' liability is as follows:

   a.   On August 21, 2006, the Plaintiff was walking near Tireman and Fielding Streets.

   b.    That at that time and place Defendant Officers TONTI and GIBBS stopped the Plaintiff and his friends and arrested them without probable cause, allegedly for carjacking and/or armed robbery;

   c.   That Defendant Officer TONTI pointed his gun at the head of the plaintiff who was 15 years old at the time, even though there were no circumstances that would justify this use of force.

   d.   That prior to the arrest, Defendant officers GARRISON and RUBINO had relayed false information to Defendant officers TONTI and GIBBS in a manner to attempt to create probable cause for the arrest of the Plaintiff, which upon further investigation Defendant officers TONTI and GIBBS became aware of but nonetheless proceeded to arrest the Plaintiff anyway.

### COUNT I
### ASSAULT AND BATTERY

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

10.   That Defendant officer TONTI, while acting within the scope of his employment, knowingly and intentionally pointed his gun at the head of the Plaintiff even though no circumstances justified such a use of force and handcuffed the Plaintiff without justification, said acts constituting assault and battery upon

4

his person.

11.    As  a  direct  and  proximate  result  of  Defendants'
aforementioned assault and battery, the Plaintiff suffered pain
and suffering, as well as emotional injuries, all past, present
and future as well as loss of enjoyment of life, humiliation,
degradation.

WHEREFORE, the Plaintiff seeks Judgment against Defendants,
jointly and severally, in whatever amount he is found to be
entitled, which is reasonable, fair and just, plus costs,
interest and actual attorney's fees, together with exemplary
and/or punitive damages.

## COUNT II

### WILLFUL AND WANTON MISCONDUCT, DELIBERATE
### INDIFFERENCE/GROSS NEGLIGENCE

Plaintiff hereby realleges and incorporates by reference all of
the paragraphs and counts above as if fully set forth herein word
for word.

12.    At all times relevant herein, the above-named defendant
officers had the following duties, notwithstanding their standard
duty of care:

      a.    To avoid harming the Plaintiff and to use only so
much force as was necessary to effect an arrest.

b.   To follow all state statutes, regulations and municipal ordinances designed to protect citizens against unreasonable use of force .

c.   To preserve the peace and protect the lawful rights of citizens.

d.   Not to assault and batter, nor use excessive force against Plaintiff.

f.   To effect an arrest only on probable cause and other acts and other omissions and acts under investigation at this time.

g.   To notify the Plaintiff's parents of his incarceration as required by law because he was a juvenile.

13. All of the individual Defendants negligently, grossly negligently, recklessly, willfully, wantonly, maliciously, intentionally, knowingly, and/or deliberately breached one or more of the aforesaid duties by:

a.   Using unreasonable and unnecessary force against the Plaintiff.

b.   Failing to follow all state statutes, regulations and municipal ordinances designed to protect against unreasonable use of force.

d.   Failing preserve the peace and protect the lawful rights of citizens.

e.   Committing an assault and battery and by using excessive force upon the Plaintiff.

f.   Arresting the Plaintiff without probable cause.

g.   Failing to notify the Plaintiff's parents of his

6

incarceration as required by law because he was a juvenile.

14.   That City of Detroit breached its aforementioned duties and was willful and wanton and/or grossly negligent, as defined by statute, to wit: MCLA 691.1407, when it conducted itself in a manner so reckless as to demonstrate a substantial lack of concern for whether an injury would result in one, some, or all of the following particulars:

> a.   Failing and/or refusing to adequately train, oversee the training of and/or supervise all employees and/or agents under its control and/or supervision;
>
> b.   Failing and/or refusing to prevent intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions of such employees and/or agents;
>
> c.   Failing and/or refusing to enact, institute, implement and/or utilize directions, policies, practices and/or customs from which Defendants and/or their employees and/or agents are to preserve the peace and protect the lawful rights of citizens; and
>
> d.   Failing to prevent, explicitly or implicitly, the intentional, willful and wanton, reckless, deliberately indifference, grossly negligent and/or negligent and foreseeable conduct, acts and/or omissions of Defendants' employees and/or agents.

15. As a direct and proximate result of the Defendants'

7

aforementioned wrongful conduct, the Plaintiff suffered loss of freedom, physical pain and suffering, mental anguish, loss of enjoyment of life, humiliation, degradation, and emotional injuries, all past, present and future.

WHEREFORE, the Plaintiff seeks Judgment against Defendants jointly and severally, in whatever amount he is found to be entitled, which is reasonable, fair and just, plus costs, interest and actual attorney's fees, together with exemplary and/or punitive damages.

## COUNT III

### FALSE ARREST-FALSE IMPRISONMENT

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

16.  The above-named defendant officers, while at all times relevant herein acting within the scope of their employment for Defendant City of Detroit and under color of law as Police Officers, intentionally compelled the Plaintiff to be unlawfully restrained, under pretense that he had violated the law even though probable cause was absent for his arrest; said acts constituting false arrest and false imprisonment.

17.  That the above-named defendant officers, while acting within the scope of their employment, knowingly and intentionally

falsely arrested the Plaintiff without a warrant and without probable cause to believe that he had violated the law causing hm to be detained and interrogated for approximately 5 hours.

18. As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future.

WHEREFORE, the Plaintiff seeks Judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, which is reasonable, fair and just, plus costs, interest and actual attorney's fees, together with exemplary and/or punitive damages.

**COUNT IV**
**42 USC §1983 DEPRIVATION,**

**INDIVIDUAL POLICE OFFICERS**

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

19. Jurisdiction is based on 28 USC Section 1331.

20. At all times relevant herein, individual Defendants,

under color of statutes, ordinances, regulations and/or customs of the State of Michigan, County of Wayne, subjected Plaintiff to deprivation of his rights, privileges and immunities secured by the Constitution and laws of the United States.

21.   The Civil Rights Act, 42 USC §1983, provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

22.   Defendants are civilly liable to Plaintiff pursuant to 42 USC §1983, because of all the above-described deliberate, grossly negligent, reckless, willful, wanton, malicious and/or intentional acts and/or omissions of Defendants, as set forth in Counts I, II, III,  were committed under the color of law and pursuant to the customs, policies and/or practices of Defendant City of Detroit, all of which subjected Plaintiff to deprivation of their rights, privileges and immunities secured by the United States Constitution, Amendments IV and XIV.

23.   As a direct and proximate result of the aforementioned wrongful conduct and Constitutional violations, Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of wages, loss of enjoyment of life, humiliations, degradation and emotional injuries, all past, present and future.

WHEREFORE, Plaintiff seeks Judgment against Defendants jointly and severally, in whatever amount he is found to be entitled, which is reasonable, fair and just, plus costs, interest and actual attorney's fees, together with exemplary and/or punitive damages.

## COUNT V
### 42 USC §1983 DEPRIVATION
### MUNICIPAL/SUPERVISORY LIABILITY

Plaintiff hereby realleges and incorporates by reference all of the paragraphs and counts above as if fully set forth herein word for word.

24.   At all times relevant herein, Defendant City of Detroit acting through its supervisory officers and officials, by their own customs, policies and/or practices failed to establish, maintain or enforce proper police procedures to prevent the unconstitutional seizure and treatment of citizens thereby directly and proximately depriving Plaintiff of his right to be free from excessive force, false arrest and other unreasonable intrusions against his person without due process of law, in violation of the United States Constitution, Amendments IV, and XIV.

25.   At all times relevant herein, Defendant City of Detroit acting through its supervisory officers and officials, by their

11

own customs, policies and/or practices of systematically failing to properly train, evaluate, supervise, investigate, review and/or discipline its police officers, allowed, acquiesced in, and/or encouraged the individual police officers to function as police officers and to unlawfully handle citizens and violate Plaintiffs' constitutional rights as enumerated herein, thereby directly and proximately depriving Plaintiff of his right to be free from excessive force, false arrest and other unreasonable intrusions against his persons without due process of law, in violation of the United States Constitution, Amendments IV, and XIV.

26. At all times relevant herein, Defendant City of Detroit, acting through its supervisory officials and/or officers, by their own customs, policies and/or practices of systematically failing to enforce its own rules and regulations pertaining to the handling and of citizens, including Plaintiff, in violation of all standards of decency and minimum requirements under the law and the Constitution, deprived Plaintiff  of his right to be free from excessive force, false arrest and other unreasonable intrusions enumerated herein against his person without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

27. Defendant City of Detroit is liable for its intentional, deliberately indifferent, willful, wanton, reckless and/or grossly negligent acts and/or omissions, which constituted customs, policies and/or practices, which resulted in the unlawful, unjustified, wrongful and unconstitutional use of excessive force against the Plaintiff, all of which proximately resulted in his injuries.

28. At all times relevant herein, Defendant City of Detroit by its directions, policies, procedures, practices and/or customs, from which the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of the individual officers, who were under its supervision were foreseeable, allowed, acquiesced in and/or encouraged said officers to function as police officers and to unconstitutionally use excessive force and falsely arrest citizens including Plaintiff thereby proximately causing Plaintiff to be injured as described, in violation of the United States Constitution, Amendments IV and XIV.

29. At all times relevant herein, Defendant City of Detroit by its failure to train, supervise, discipline and/or correct the behavior of the employees and/or agents under its supervision, including but not limited to the individual officers, of which

13

said Defendant City of Detroit knew or should have known, created the potential for the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and or omissions of said officers, allowed, acquiesced in and/or encouraged said individual Defendants to function as police officers and to unlawfully use excessive force against citizens including Plaintiff thereby proximately causing Plaintiff to be deprived of his right to be free from unreasonable seizure and other intrusions as enumerated herein without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

30.   At all times relevant herein, Defendant City of Detroit by its violation of statutory duties, allowed and/or encouraged the individual officer Defendants to function as police officers and to unlawfully process arrestees, including Plaintiff thereby proximately causing Plaintiff to be deprived of his liberty and of his right to be free from excessive force and other unreasonable intrusions as enumerated herein without due process of law, in violation of the United States Constitution, Amendments IV and XIV.

31.   As a direct and proximate result of said Constitutional violations, Plaintiff suffered loss of freedom, mental anguish,

pain and suffering, loss of wages, loss of enjoyment of life, humiliation, degradation and emotional injuries, all past, present and future.

WHEREFORE, the Plaintiff seeks Judgment against Defendants jointly and severally, in whatever amount he is found to be entitled, which is reasonable, fair and just, plus costs, interest, together with exemplary and/or punitive damages, actual attorneys fees and costs.

Respectfully submitted,

**LAW OFFICES OF PAUL M. HUGHES**

s/Paul M. Hughes

_____

Paul M. Hughes, P 36421
Attorney for Plaintiff
1391 Woodbridge St.
Detroit, MI 48207-3109
(313) 567-1650
paul@attorneyhughes.com

Dated: September 23, 2009

15